IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00732-MJW

RAE JEAN ORTIBEZ on behalf of B.J.P.B.,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Plaintiff's minor child, Claimant, is not disabled for purposes of the Social Security Act. (AR[1] 14). Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). (Docket No. 13).

### Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269,

---

[1] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. (Docket Nos. 11 through 11-10).

1271-72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Discussion

A person under the age of 18 is disabled within the meaning of the Social Security Act if he or she has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. No individual under the age of 18 will be considered disabled if he or she is engaging in substantial gainful activity. *Id.*

The Social Security regulations set forth a three-step sequential process to determine whether an individual under the age of 18 is disabled under Title XVI of the Social Security Act. 20 C.F.R. § 416.924. At step one, a child will not be deemed disabled if he or she is working and such work constitutes substantial gainful activity. If the child is not engaging in substantial gainful activity, the analysis proceeds to the second step. *Id.* at § 416.924(a) and (b). At step two, it must be determined whether the child suffers from a medically determinable impairment or a combination of impairments that is severe. If the child has an impairment or combination of impairments that is not severe, the child is not disabled and the analysis is terminated. If the impairment or combination of impairments is severe, the analysis proceeds to step three. *Id.* at §

416.924(a) and (c). At step three, a child's impairment or combination of impairments must meet, medically equal, or functionally equal the severity of the listings found in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (the "Listings"), and the duration requirement of at least 12 months. *Id.* at § 416.924(a) and (d).

In this case, the ALJ determined that Claimant's asthma is a severe impairment. (AR 17). However, at step three, the ALJ further determined that Claimant's asthma does not functionally equal the severity of the Listings. (AR 17). As a result, the ALJ determined that Claimant is not disabled. (AR 26).

Plaintiff asserts two errors: first, that the ALJ "committed harmful error of law in failing to discuss, assess, or weigh the opinion from Claimant's 3rd grade teacher despite the fact it indicated more serious limitations from Claimant's asthma; and second, that the ALJ "committed harmful error of law when failing to properly assess whether Claimant medically equaled Listing 103.03." (Docket No. 15 at 3).

The ALJ noted that he considered "all the relevant evidence," including "information from . . . school teachers" (AR 17). He specifically discussed and relied on Claimant's second grade teacher's statement, but did not specifically mention Claimant's third grade teacher's statement. Plaintiff contends that this was error because the third grade teacher's statement indicated "more serious limitations from Claimant's asthma." (Docket No. 15 at 15).

The ALJ is not required to explicitly discuss all of the evidence in the record. *See Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010) ("There is obviously no requirement that the ALJ reference everything in the administrative record."). Further,

3

the Tenth Circuit's general practice is to take a lower tribunal at its word when it states that it has considered a matter. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007). Here, the ALJ noted that he considered "relevant evidence from . . . school teachers . . . ." (AR 17). The Court will not second-guess this assertion. The question then is whether the ALJ was required to address the third grade teacher's statement in his Decision because it was "significantly probative." *See Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'").

Claimant's third grade teacher, Ms. Hwang, submitted a Teacher Questionnaire that was sent to Claimant's school as a result of Claimant's appeal of the initial denial of her application for disability. (AR 157-165). Ms. Hwang was Claimant's third grade general education teacher and noted that Claimant "would miss a lot of days during the week because of illness or the weather was too cold." (AR 158). She further noted that Claimant "needs a lot of support because she misses school often. She is not proficient in her grade level and this is due to missed school days." (AR 160). Ms. Hwang also explained that Claimant "has severe asthma that affects her school days. She has gone home early or has complained about tight chest pains which eventually lead her into going home early." Further down on the same page of the Questionnaire, Ms. Hwang noted that she was "not quite sure what the illness is but [she's] assuming that it has to do with a shortness of breath." (AR 164). Ms. Hwang indicated that Claimant had

4

various problems learning new material, comprehending certain subjects, applying previously learned material, and completing her assignments. (AR 159-160). Ms. Hwang's assessment is strongly based on Claimant's frequent absences which Ms. Hwang links with Claimant's asthma.

In contrast, Claimant's second grade teacher's Teacher Questionnaire, on which the ALJ relied heavily, makes clear that while Claimant missed class often, Claimant was capable of learning and excelling in school when she attended:

> It appears to me that [Claimant] is fully capable of learning however she lacks exposure. When in school, consistently, I noticed great growth. After long absences, I saw a major decline in the growth that was previously gained. She has a strong and eager spirit therefore when given materials at or just above her level, she succeeds. Most activities were leveled to support her academically.

(AR 140).

As Plaintiff notes, Claimant's December 13, 2013 Student Diagnostic Report indicated that Claimant's math and reading scores dictated that "urgent intervention" was required. (AR 169-170). In addition, the second grade teacher's Questionnaire, on which the ALJ relied heavily, was completed on June 8, 2013 (AR 148), but the third grade teacher's Questionnaire, which was not specifically mentioned by the ALJ, was completed on February 19, 2014 (AR 165). Therefore, the third grade teacher's analysis was closer in time to the ALJ's May 14, 2014 Decision (AR 26) and was supported by other evidence in the records, the test scores. Because the third grade teacher's Questionnaire at least in part contradicts the ALJ's conclusions and may be significantly probative, the Court finds that this case should be remanded to the ALJ for further consideration. Notably, the Court takes no position with regard to whether the third

grade teacher's Questionnaire should change the outcome of the ALJ's Decision or whether it is in fact contradicted by other more significant evidence in the record. Instead, the Court remands so that the ALJ can discuss the third grade teacher's Questionnaire so that the parties can better understand the conclusion that the ALJ ultimately draws with regard to Claimant's functional equivalence.

Because the Court concludes that this case should be remanded to the ALJ for further consideration with regard to the first issue raised by Plaintiff, the Court does not analyze Plaintiff's second argument in favor of remand.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this opinion.

Dated this 9th day of March, 2017.

                              BY THE COURT:

                              */s/ Michael J. Watanabe*
                              MICHAEL J. WATANABE
                              United States Magistrate Judge